```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


TIMOTHY L. STEVENS                                          PLAINTIFF

VS.                            CIVIL ACTION NO. 5:13-cv-116(DCB)(MTP)

CITY OF VIDALIA, BY AND THROUGH
ITS AGENT FOR SERVICE OF PROCESS,
ITS MAYOR, HON. HIRAM COPELAND; AND
CHARLIE C. ROGERS, INDIVIDUALLY                            DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant City of Vidalia's Motion to Dismiss for Lack of Personal Jurisdiction **(docket entry 3)**, the City of Vidalia's Motion to Dismiss for Improper Venue or in the Alternative to Transfer Pursuant to 28 U.S.C. § 1404(a) **(docket entry 5)**, the City of Vidalia's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted **(docket entry 7)**, and the City of Vidalia and defendant Charlie Rogers' Motion to Dismiss for Insufficient Service of Process pursuant to Fed.R.Civ.P. 12(b)(5)**(docket entry 9)**. Having carefully considered the motions, to which no responses have been filed, and being fully advised in the premises, the Court finds as follows:

On July 2, 2013, the plaintiff Timothy L. Stevens ("Stevens") filed suit in Adams County Circuit Court against the City of Vidalia, a municipality/political subdivision of the State of Louisiana ("City" or "City of Vidalia"), and Charlie Rogers ("Rogers") for injuries the plaintiff claims he sustained in a July

2, 2010, car accident in Natchez, Mississippi.  In his Complaint, Stevens, a Mississippi resident citizen, alleges that on July 2, 2010, he and Rogers, an employee of the City of Vidalia, were involved in an automobile accident in Natchez, Mississippi.  The plaintiff further asserts that Rogers was operating a vehicle belonging to the City of Vidalia at the time of the accident.  On July 31, 2013, the City of Vidalia and Rogers removed the case from Adams County Circuit Court to this Court.  No objection to the removal was made by Stevens.  The plaintiff has failed to serve process on the defendants, both before and after defendants' removal to this Court.

> Mississippi Rule of Civil Procedure 4(h) provides:
>
> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, **the action shall be dismissed** as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Miss.R.Civ.P. 4(h)(emphasis added).

> Federal Rule of Civil Procedure 4(m) provides:
>
> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant **or direct that service be effected within a specified time**; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.  ....

Fed.R.Civ.P. 4(m)(emphasis added).

Since the plaintiff's 120 days to serve process had not expired before removal to federal court, Federal Rule 4(m) applies. See Robinson v. Roxy Investments, L.P., 2008 WL 3165834, at *1 (S.D. Miss. Aug. 1, 2008)(citing Hanna v. Plummer, 380 U.S. 460, 473-74 (1965), and Fed.R.Civ.P. 81 (providing that "[t]hese [federal] rules apply to civil actions removed to the United States District Courts....")).

This Court therefore may extend the plaintiff's time for service of process to a date which would permit the plaintiff to cure any alleged insufficiencies in service of process on either one or both defendants in state court. Robinson, 2008 WL 3165834, at *1. See also Henderson v. U.S., 517 U.S. 654 (1996); Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when plaintiff fails to show good cause."); 28 U.S.C. § 1448 ("In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.").

Stevens has not responded to the defendants' motion and has

3

not shown "good cause." However, even if "the plaintiff lacks good cause, the court has discretion to extend the time for service." Thrasher v. City of Amarillo, 709 F.3d 509, 511 (5th Cir. 2013). Such relief may be warranted when, for example, the "applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory committee notes (1993).

In this case, an order of dismissal would amount to a dismissal with prejudice because the applicable three-year statute of limitations has run. Dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim." Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247 (5th Cir. 1980). Consequently, where dismissals with prejudice have been affirmed, the reviewing court has generally found at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. See Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 325-26 (5th Cir. 2008).

Despite the plaintiff's failure to show "good cause," the Court finds that it may exercise its discretion to extend the time for service. The defendants have obviously been informed of this suit. Furthermore, they do not allege actual prejudice, nor intentional delay by the plaintiff himself, nor other intentional conduct. The defendants' motion shall therefore be denied;

however, should the plaintiff fail to serve process within the time allotted by the Court, this cause will be subject to dismissal under Rule 4(m).  Therefore, the motion shall be denied without prejudice.

As for the remaining motions, these were made by defendant City of Vidalia in order to "specifically reserve[], assert[] and invoke[]" certain defenses available to it as set forth in Federal Rule of Civil Procedure 12(b).  The Court finds that the City has reserved these defenses.  The Court further finds, however, that the present motions should be denied as premature, since they will become moot if the plaintiff fails to serve process.  If the City is properly served with process, it may renew its motions.

Accordingly,

IT IS HEREBY ORDERED that the City of Vidalia and defendant Charlie Rogers' Motion to Dismiss for Insufficient Service of Process **(docket entry 9)** is DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that the plaintiff shall have fourteen (14) days from the date of entry of this Memorandum Opinion and Order to serve process.  Failure to do so could result in dismissal of this action;

FURTHER ORDERED that defendant City of Vidalia's Motion to Dismiss for Lack of Personal Jurisdiction **(docket entry 3)** is DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that defendant City of Vidalia's Motion to

5

Dismiss for Improper Venue or in the Alternative to Transfer Pursuant to 28 U.S.C. § 1404(a) **(docket entry 5)** is DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that defendant City of Vidalia's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted **(docket entry 7)** is DENIED WITHOUT PREJUDICE.

SO ORDERED, this the 17th day of March, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE